**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Indiana Insurance Company,
an Indiana corporation,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-177 ADM/JGL

Grand Foods, Inc.,
a Minnesota corporation,

Defendant.

---

Robert T. Stich, Esq., Stich, Angell & Kreidler, P.A., Minneapolis, MN, appeared for and on behalf of Plaintiff.

Robert P. Thavis, Esq., and Steven P. Zabel, Esq., Leonard, Street & Deinard, P.A., Minneapolis, MN, appeared for and on behalf of Defendant.

---

On January 9, 2002, the undersigned United States District Judge heard Defendant Grand Foods, Inc.'s ("Grand") Motion for Partial Summary Judgment on Liability [Doc. No. 11]. Grand seeks a determination that Plaintiff Indiana Insurance Company ("Insurer") was unjustified in denying insurance coverage for Grand's contamination losses. For the reasons set forth below, Grand's motion is denied.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*,

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp.*, 477 U.S. at 323. When weighing the evidence offered by the parties on a motion for summary judgment, this Court must review the evidence and all inferences drawn from that evidence in the light most favorable to the party opposing the motion. *See Matsushita*, 475 U.S. at 587.

Grand was in the business of preparing and distributing sandwiches, bakery products and other food items. Grand's Kasota Avenue food processing facility (the "Plant") was shut down in March, 2000, when microbiological testing of food products, equipment and the Plant's surfaces exposed the presence of listeria contamination. Listeria is a highly mobile and highly dangerous bacterium that can contaminate raw products such as produce and meats. Listeria can be controlled and eliminated when proper sanitation, maintenance and food handling practices are observed. Following the discovery of listeria, Grand cooperated with the Minnesota Department of Agriculture and United States Food and Drug Administration to recall food products. Grand also worked with outside specialists to eradicate listeria from the Plant.

Grand reopened the Plant but shut it down again in April, 2000, when testing again revealed the presence of listeria contamination. Grand recalled food product and continued work to eliminate the listeria from the Plant. By June, 2000, Grand determined that complete eradication of listeria from the Plant could not be guaranteed and that Grand would have to relocate to a new facility in order to resume operations.

Insurer had issued an all-risk property and business interruption insurance policy to Grand. Grand notified Insurer about the discovery of listeria in March, 2000, and kept Insurer advised of subsequent events. Citing three exclusions in the policy, Insurer denied all coverage

for Grand's loss. Specifically, Insurer relied upon the "inadequate maintenance" exclusion, the "infestation" exclusion, and the "loss of license" exclusion. As a result of the insurance denial, Grand was unable to relocate or reopen. Insurer commenced this action, seeking a declaration of no coverage.

Grand moves for partial summary judgment, arguing that the exclusions Insurer relied upon in denying coverage are inapplicable. Insurer opposes Grand's Motion and disagrees with Grand's analysis of the policy exclusions. Insurer additionally raises the issue of whether Grand's losses related to the contamination were fortuitous.

The interpretation and construction of insurance policy language is a question of law, based on the specific facts presented. *See Grovenburg v. Homestead Ins. Co.*, 183 F.3d 883, 885 (8th Cir. 1999); *St. Paul Fire and Marine Ins. Co. v. Nat'l. Real Estate Clearinghouse, Inc.*, 957 F.Supp. 187, 189 (D. Minn. 1997); *Meister v. Western Nat'l. Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992); *see also Intermetal Mexicana, S.A. v. Ins. Co. of North America*, 866 F.2d 71, 74 (3d Cir. 1989) ("the question of fortuity is a question of law for the court"). Discovery in this action does not close until April 1, 2002. Insurer has not yet deposed representatives from the Minnesota Department of Agriculture and the Minneapolis Department of Health, who have first-hand knowledge about Grand's operations and sanitation procedures. There may be other witnesses to be deposed and facts to be discovered.

This Motion is premature. The parties should have a full and fair opportunity to discover the facts relevant to this action. Following the conclusion of discovery, the parties may elect to submit a set of stipulated facts and file cross-motions for summary judgment. At that time, this

matter will be in a more appropriate procedural posture for resolution.

Based upon the foregoing, together with all of the files, records and proceedings, **IT IS HEREBY ORDERED** that Grand's Motion for Summary Judgment [Doc. No. 11] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2002