**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**INDIANA INSURANCE COMPANY, an Indiana Corporation,**

Plaintiff,

v.

**GRAND FOODS, INC., a Minnesota Corporation,**

Defendant.

---

Civil No. 01-177 (ADM/JGL)

**O R D E R**

APPEARANCES

Robert T. Stich, Esq., and Louise A. Behrendt, Esq., on behalf of Plaintiff

Robert P. Thavis, Esq., and Steven P. Zabel, Esq., on behalf of Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court for an in-camera review of documents Plaintiff is withholding from production on the basis of attorney-client privilege and work product protection. Plaintiff has submitted an in-camera memorandum of law that explains why each of the disputed documents is privileged.

AUG 1_ 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This case arises from an insurance coverage dispute. Plaintiff brought a declaratory judgment action, arguing that under the insurance policy at issue in this case it was not liable for Defendant's losses. (Doc. No. 1.) Defendant filed counter claims for, inter alia, breach of contract; negligent/fraudulent inducement; and bad faith "in failing to fairly investigate, evaluate, settle and resolve [Defendant's] claims." (Doc. No. 3 at 8, 10.)

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

### A. Plaintiff's Objections Based on the Work Product Doctrine

The Federal Rules of Civil Procedure codify "the work product doctrine" and provide, in pertinent part:

> "[A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

The Supreme Court has stated that the purpose of the doctrine is to prevent "unwarranted inquiries into the files and mental impressions of an attorney." Hickman, 329 U. S. at 510. The work product doctrine is based on the reasoning that a lawyer must "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Id. The doctrine applies not only to material prepared by attorneys, but also to materials prepared by agents working at the behest of attorneys. See Fed. R. Civ. P. 26(b)(3) advisory committee's notes; U.S. v. Nobles, 422 U.S. 225, 238-39 (1975). However, the protection is a qualified one and the protection will not attach unless documents were prepared specifically in anticipation of litigation. See Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). Documents prepared "in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes" do not fall under the protection of the work product doctrine. Fed. R. Civ. P. 26(b)(3) advisory committee's note (1970 amendment); Simon, 816 F.2d at 401. The fact that a party "anticipates the contingency of litigation resulting from an accident

or event" does not bestow automatic work product protection. Mission Nat'l Ins. Co. v. Lilly, 112 F.R.D. 160, 163 (D. Minn. 1986) (citation omitted); Diversified Indus. v. Meredith, 572 F.2d 596, 604 (8th Cir. 1978). Furthermore, merely involving an attorney in normal business activities or transferring documents to an attorney or legal department does not make them privileged under the doctrine. See Peterson v. Douglas County Bank & Trust Co., 967 F.2d 1186, 1189 (8th Cir. 1992) (citations omitted). In addition, lest over-application of the work product doctrine "eviscerate the discovery rules and their purpose," everything that contains an "inkling of a lawyer's mental impressions, conclusions, opinions or legal theories" is not work product. Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512, 520 (D. Minn. 1992). Moreover, relevant facts are not work product because they do not necessarily implicate the origin of the facts that will be used by a party or an attorney's impressions regarding those facts. See id. at 518. One must keep in mind that "knowledge of all relevant facts gathered by both parties is essential to proper litigation." Id. at 520.

The Eighth Circuit has adopted a fact-based test to determine if documents were prepared in anticipation of litigation:

> [W]hether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is not work product immunity for documents

> prepared in the regular course of business rather than for the purposes of litigation.

Simon, 816 F.2d at 401 (citations omitted).

The work product doctrine is to be applied in a "common sense manner." Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997) (citation omitted). Although not dispositive of the issue, evidence indicating that documents were prepared in anticipation of litigation includes: (1) that the documents contained the "trial strategies, or thinking, of [] lawyers," Stabnow v. Consol. Freightways Corp. of Del., No. 99-641, 2000 WL 1336645, at *2 n.4 (D. Minn. Aug. 15, 2000); (2) that they were prepared in response to a letter threatening legal action, see Bituminous Cas. Corp. v. Tonka Corp., 140 F.R.D. 381, 385, 389 (D. Minn. 1992); (3) that they contained attorney impressions and opinions, see Bieter Co. v. Blomquist, 156 F.R.D. 173, 179-80 (D. Minn. 1994); (4) that the documents at issue represented an attorney's "selection process" regarding what documents were relevant to the case, see Shelton v. American Motors Corp., 805 F.2d 1323, 1328-29 (8th Cir. 1986); (5) that the work could not have been performed by non-lawyers, see Diversified Indus., 572 F.2d at 603; and (6) that a firm was hired specifically "to provide legal services and advice," not to investigate and provide recommendations regarding future conduct. Id.

Applying the factors to the present case, the Court finds that Documents 404 and 423 are not entitled to work-product protection. The documents were written and received by non-attorneys and concern settlement negotiations regarding Defendant's claim for insurance coverage. There is no indication that the documents were prepared at the behest of an attorney. Rather, the documents were prepared in Plaintiff's regular course of business, which is settling insurance claims. Such documents are not entitled to work product protection. Fed. R. Civ. P. 26(b)(3) advisory committee's note (1970 amendment); Simon, 816 F.2d at 401; St. Paul Reinsurance Co. v Commercial Fin. Corp., 197 F.R.D. 620, 636 (N.D. Iowa 2000). Even had the writers feared that their negotiation stance would result in a lawsuit, that fact does not bestow automatic work product protection. See Diversified Indus., 572 F.2d at 604 (holding that concerns that employee conduct may result in litigation is not enough to give attending investigation reports work product status). This is especially true in this case where Documents 404 and 423 do not even evidence an inkling that litigation may arise. Documents 404 and 423 must be produced.

The Court finds that Document 1478 was prepared in anticipation of litigation. Therefore, Document 1478 need not be produced.[1]

The Court finds that Document 1609 must be produced. While the document mentions the possibility of litigation, it does not contain any attorney impressions and was not prepared at the behest of an attorney. Therefore, disclosing Document 1609 will not violate the purpose of the rule: protecting the mental impressions of attorneys.

### B. Plaintiff's Objections Based on the Attorney-Client Privilege

The attorney-client privilege protects communications made between a lawyer and the client in confidence for the purpose of seeking, obtaining, or providing legal assistance. See Restatement (Third) of the Law Governing Lawyers § 118 (Proposed Final Draft 1996); Fed. R. Evid. 503.

Document 1620 is an e-mail from one of Plaintiff's employees to a fellow employee. The e-mail reveals privileged matter communicated by Plaintiff's attorneys. Privileged matter revealed in otherwise nonprivileged documents retains its privileged status. See Diversified Indus., 572 F.2d at 601 (corporate minutes privileged to the extent that they revealed privileged

---

[1]Plaintiff notes in its memorandum that this document also contains reserve information. Plaintiff states that it understands that pursuant to this Court's Order dated August 1, 2002, reserve information must be produced.

matter communicated by law firm). Aside from the salutation, the entire contents of Document 1620 is matter communicated by Plaintiff's attorneys. Thus, Document 1620 need not be produced.

Document 582 is memorandum from one of Plaintiff's employees to a fellow employee. The document reveals information given to Plaintiff's Counsel for the purpose of soliciting legal advice. This information is privileged. Accordingly, Document 582 need not be produced.

Document 454-55 is a memorandum from Mike J. Derusso to Dave Cowles and Ned Stittler, two of Plaintiff's employees. Mr. Derusso is a managing attorney for Plaintiff and, as far as the Court can tell, also serves as some sort of claims handler for Plaintiff.[2] Defendant has framed the issue regarding documents authored by Mr. Derusso as whether Mr. Derusso was wearing his "in-house counsel hat" or "corporate hat" when he authored the documents. Documents authored by Mr. Derusso in his capacity as a corporate claims handler, as opposed to in-house counsel, are not protected by the attorney-client privilege. See Diversified Indus., 572 F.2d at 601-02.

Document 454-55 is clearly protected by the attorney-client privilege. It contains legal advice rendered in response to a request from Plaintiff. Therefore, Document 454-55 need not be produced.

---

[2]The Court is a bit confused as to what, exactly, is Mr. Derusso's dual role within Plaintiff's company. Plaintiff has failed to proved any information regarding Mr. Derusso's duties.

Document 483 is a letter from one of Plaintiff's employees to Mike Derusso. The document provides Mr. Derusso with information and seeks a legal opinion regarding the situation. This document is privileged and need not be produced.

Document 776 is memorandum from one of Plaintiff's employees to Mike Derusso. The memorandum refers to a brief written by Defendant's counsel and was sent to Mr. Derusso "for his review and consideration." The document does not seek legal advice. In fact, the document specifically refers to "[ironing] out this coverage issue," rather than working on any litigation issues. Mere reference to a brief written by Defense Counsel does not automatically make this document privileged. In addition, the document was written seven months before the initiation of this lawsuit, at a time when the Parties were still attempting to work out coverage issues. The Court finds that this document was addressed to Mr. Derusso in his corporate capacity, rather than in his attorney capacity. Therefore, Document 776 is not privileged and must be produced.

Document 1153-54 is a memorandum from Mike Derusso to Dave Cowles. The Document is clearly covered by the attorney-client privilege. Mr. Derusso is obviously giving legal advice, and even labeled the communication "Attorney-Client Privileged." Document 1153-54 need not be produced.

Documents 1163, 1468, and 1610 are a memoranda from Mike Derusso to Dave Cowles. In these documents, Mr. Derusso is giving legal advice and rendering legal opinions. In addition, these documents contain Mr. Derusso's mental impressions are therefore protected under the work product doctrine. Therefore, Documents 1163, 1468, and 1610 need not be produced.

Document Nos. 2510-2511 are unredacted copies of Plaintiff's claims logs. Redacted copies of these logs were produced to Defendant. The Court has compared the two copies and finds that lines 48-62 were properly redacted. These lines contain Mr. Derusso's legal conclusions and opinions. Therefore, lines 48-62 need not be produced. On the other hand, lines 87-91 contain a synopsis of Mr. Derusso's opinions regarding liability and first party coverage claims. The Court is not convinced that these opinions were rendered in Mr. Derusso's capacity as an attorney, rather than as a corporate claims handler. Plaintiff does not state that these opinions were rendered in response to a request for legal advice. Therefore, lines 87-91 must be produced.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff must comply with this Order and produce all non-privileged documents by September 12, 2002.

Dated: August 12, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge